IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| Kayla Green, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:17-cv-314 |
| GC Services Limited Partnership, a Delaware limited partnership, Owners Resource Group, GC GP Buyer, LLC, a Delaware limited liability company, | ) ) ) ) ) | Class Action |
| Defendants. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Kayla Green, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

## PARTIES

3. Plaintiff, Kayla Green ("Green"), is a citizen of the State of Tennessee, residing in the Eastern District of Tennessee, from whom Defendants attempted to collect a delinquent consumer debt, which she allegedly owed for a Synchrony

Bank/AEO credit card account.

4. Defendant, GC Services Limited Partnership ("GC"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant GC operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Tennessee. In fact, Defendant GC was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Owner Recourse Group GC GP Buyer, LLC (ORG), is a Delaware corporation and the general partner of Defendant GC. Defendant ORG directs and controls GC. Moreover, ORG acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, indirectly, delinquent consumer debts through GC. In fact, Defendant ORG was acting as a debt collector as to the delinquent consumer debt Defendants attempted to collect from Plaintiff.

6. Defendant GC is authorized to conduct business in Tennessee, and maintains a registered agent here, see, record from the Tennessee Secretary of State, see, attached Exhibit A. In fact, Defendant GC conducts business in Tennessee.

7. Defendant GC is licensed as a debt collection agency in the State of Tennessee, see, record from the Tennessee Department of Commerce & Insurance Administration, see, attached Exhibit B. In fact, Defendant GC acts as a collection agency in Tennessee.

## FACTUAL ALLEGATIONS

8. Defendants sent Ms. Green an initial form collection letter, dated September 23, 2016, demanding payment of a delinquent consumer debt that she allegedly owed to Synchrony Bank/AEO credit card. This letter stated, in pertinent part:

\* \* \*

> As of the date of this letter, our records show you owe a balance of $2,669.00 to Synchrony Bank. If you dispute this balance or the validity of this debt, please let us know in writing. If you do not dispute this debt in writing within 30 days after you receive this letter, we will assume this debt is valid.
>
> However, if you do dispute all or any portion of this debt in writing within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you. Or, if within 30 days of receiving this letter you request in writing the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank.

\* \* \*

In fact, an oral dispute is valid and a dispute does not have to be in writing, as claimed in Defendants' letter, see, attached Exhibit C.

9. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay or whether to dispute a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Whether disputing a debt could be done orally, by simply picking up the phone, or whether a consumer needs to make a written dispute, is material information that would play a role in a consumer's decision of whether to dispute a debt.

10. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard; see, Hartman v. Great Seneca Financial Corp., 569 F.3d 606, 612 (6th Cir. 2009).

## COUNT I
### Violation Of § 1692g
### Ineffective Validation Notice

12. Plaintiff adopts and realleges ¶¶ 1-12.

13. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, the Defendants provide the consumer with an effective validation notice, including, among other requirements: "(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector", see, 15 U.S.C. § 1692g(a)(3).

14. Although Defendants' letter contained a validation notice, by telling Plaintiff that disputes must be in writing, when, in fact, an oral dispute is valid, Defendants violated § 1692g of the FDCPA, see, Smith v. GC Services, 2017 U.S. Dist. LEXIS 93710 (S.D. Ind.); Clark v. Absolute Collection Serv., 741 F.3d 487 (4th Cir. 2014); Hooks v. Forman, Holt, Eliades & Ravin, 717 F.3d 282 (2d Cir. 2013); and Camacho v. Bridgeport Fin., 430 F.3d 1078 (9th Cir. 2005).

15. Defendants' violation of § 1692g(a)(3) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692e
### False Statement About Disputes

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, see 15 U.S.C. § 1692e.

18. Defendants, by telling Plaintiff that disputes must be in writing, when, in fact, an oral dispute is valid, made a false statement in connection with the collection of the debt, in violation of § 1692e of the FDCPA.

19. Defendants' violation of § 1692e of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

20. Plaintiff adopts and realleges ¶¶ 1-11.

21. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

22. Defendants, by telling Plaintiff that disputes must be in writing, when, in fact, an oral dispute is valid, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

23. Defendants' violation of § 1692f of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

24. Plaintiff, Kayla Green, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Tennessee, or in the States of Tennessee, Kentucky, Ohio and Michigan, from whom Defendants attempted

to collect a delinquent consumer debt allegedly owed for a Synchrony Bank credit card account, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

25. Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Green, in their attempts to collect delinquent consumer debts from other persons.

26. The Class consists of more than 40 persons from whom Defendants attempted to collect delinquent consumer debts, by sending other consumers the same form collection letter they sent Plaintiff Green.

27. Plaintiff Green's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

28. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

29. Plaintiff Green will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Green has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Kayla Green, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Green as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letter violated the FDCPA;

4. Enter judgment in favor of Plaintiff Green and the Class, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Kayla Green, individually and on behalf of all others similarly situated, demands trial by jury.

      Kayla Green, individually and on
      behalf of all others similarly situated,

      By: /s/ David J. Philipps
      One of Plaintiff's Attorneys

Dated: July 24, 2017

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Cynthia T. Lawson  (TN Bar No. 018397)
Heather Banks     (TN Bar No. 023493)
Bond, Botes & Lawson, P.C.
6704 Watermour Way
Knoxville, Tennessee 37912
(865) 938-0733
(865) 938-7931 (FAX)
cynthialawson@bbllawgroup.com
heatherbanks@bbllawgroup.com